# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ANTHONY PRYOR,**

        **Petitioner,**

v.                                    **Civil Action No.: 3:21-CV-52 (GROH)**

**PAUL ADAMS,**

        **Respondent.**

## **REPORT AND RECOMMENDATION**

### I.   INTRODUCTION

On April 12, 2021, Petitioner, a federal inmate, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary procedure, along with a memorandum and exhibits. ECF Nos. 1, 1-1 through 1-4.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed with prejudice.

### II.   FACTUAL AND PROCEDURAL HISTORY

#### A.   Prison Disciplinary Proceedings

While Petitioner was incarcerated at Hazelton FCI on March 26, 2020, he was charged with possession, manufacture, or introduction of hazardous tool and use of mail

---

[1] All ECF numbers cited herein are from the instant case, 3:21-CV-52, unless otherwise noted.

for illegal purposes. ECF Nos. 1 at 5, 1-2. On April 11, 2020, Incident Report 3382579 was filed, which charged Petitioner with violations of Prohibited Act Code 108 (possession, manufacture, or introduction of hazardous tool), and 196 (use of mail for illegal purposes). ECF Nos. 1- 2. The incident report described the incident as follows:

> At approximately 1:00 A.M. on March 26, 2020, Correctional Officer, T. Gordon, was assigned as the M-C housing unit officer. At this time he was conducting a review of the units outgoing mail. During his review he found an outgoing piece of mail belonging to inmate Pryor, Anthony [ ] that appeared to have a concealed message between two pieces of yellow paper. Officer T. Gordon then notified the Special Investigation Services Department for further investigation. On April 11, 2020 at approximately 6:00 A.M. I, Special Investigative Services Technician, B. Hart, conducted a review of the outgoing piece of mail belonging to inmate Pryor [ ]. Upon my review I identified the piece of outgoing mail as inmate Pryor's based on the return address as well as the recipient of the piece of mail. . . . The name [on the mail] is associated with inmate Pryor by this piece of mail as well as sending inmate Pryor money. Specifically, the name S[.] L[.] send inmate Pryor money March 16, 2020, in the amount of $150.00, via Money Gram. The name [ ] has sent inmate Pryor 6 Money Gram's since February 2, 2020. Once a relationship was established between inmate Pryor and the name [ ] a review of the actual piece of outgoing mail was conducted by myself. As it appeared, inmate Pryor was sending out a prison made greeting card with a personal picture on the inside. However, upon closer inspection of the greeting card, I, SIS Technician B. Hart, discovered two pieces of yellow paper that had been adhered together via an unknown substance. Between the two pieces of yellow paper was a concealed message that referred to possible way to introduce contraband into the secure facility of FCI Hazelton. In the concealed message it states, "Re-Cap: You need to send '2' of whichever phones (Finger/Calculators are better) already set up with mins & chargers. A few sheets of that [ ] & a couple pages of the Stamps. All that should go to that address all at once ASAP, sent overnight with the same directions. Ask lil' bro if you're not sure of anything. You should still look for that mini-drone & even buy it 'now', if it is reasonable price & meets all the needed requirements / features." This shows the intent of inmate Pryor attempting to

2

> use an outside source to introduce contraband into the secure facility of FCI Hazelton.  Also, inmate Pryor attempts to circumvent the mail system here at FCI Hazelton by having his mail sent to inmate [ ].  This intent to circumvent the mail system is evident in the concealed message which states, "Just DON'T send it yo[ur]self & send it to: [ ] instead & I'll get it.  Text me [ ] if you gonna sent that to him too. I know you got the rest."

After Petitioner was charged, G. Kitchen delivered a copy of the Incident Report to him on April 11, 2020, which provided him notice of the Discipline Hearing Officer (DHO) hearing.  ECF No. 9-4 at 4.  The DHO hearing was held on April 22, 2020,[2] at which time Petitioner waived his right to have a staff representative assist him at the hearing.  Id. at 1.  Petitioner further waived his right to call witnesses, or present written statements of unavailable witnesses.  Id.  Petitioner did not present a defense, but instead stated, "I'm guilty, no further comment."  Id.

Following the hearing, the DHO found that Petitioner committed the prohibited act of possession, manufacture, or introduction of hazardous tool, in violation of Code 108A.  Id. at 2.  The DHO did not find Petitioner committed a violation of Code 196, use of mail for illegal purposes.[3]  Id.

The DHO wrote in his report that his determination of guilt relied on: (1) the investigation contained in the reporting officer's Incident Report; and (2) the Petitioner's admission of guilt at the DHO hearing.  Id.  Additionally, the DHO report listed the following evidence which was presented: (1) two digital photographs; (2) Memorandum prepared

---

[2] The DHO report notes that "Administrative notice was given whereas, the UDC was conducted late due to the report being deferred back to the lieutenant's office for additional information.  Once the report was returned back to the unit team, it had exceeded five working days.  There is an approved memo from the warden authorizing the delay and is included with this packet."  ECF No. 9-4 at 2.

[3]

by B. Hart, SIS Technician, dated April 11, 2020; and (3) Memorandum prepared by T. Gordon, Senior Officer, dated April 10, 2020. Id.

Further, the DHO wrote:

> This finding is further based upon the testimony you provided, in which you admitted guilt. Specifically, you testified, I'm guilty, with no additional comments. This statement corroborates the charge of Possession, manufacture, or introduction of hazardous tool code 108A, made by the reporting officer and as documented in [ ] the written report[.]
>
> Therefore, based on the evidence outlined above, and your admission, the DHO finds some evidence to support that you committed the prohibited act of Possession, manufacture, or introduction of hazardous tool, code 108A.

Id. As a result of his conviction, Petitioner was sanctioned to 41 days loss of good conduct time, 15 days of disciplinary segregation, 180 days loss of commissary, 180 days loss of email, and 90 days loss of visitation. Id. at 3.

### B. Instant § 2241 Petition

In his petition, Petitioner raises a single ground[4] for relief, that his due process rights were violated when he was found guilty of the disciplinary offense based on evidence which Petitioner claims was insufficient. ECF No. 1 at 5.

Petitioner claims that he exhausted the grievance procedure and asserts that he presented his claim to the prison's internal grievance procedure, but states that his claims were denied. Id. at 7. Petitioner also asserts that he presented his claim to the Bureau of Prisons but states that his DHO appeal was denied. Id. at 8. Petitioner requests that his disciplinary record of conviction be expunged. Id.

---

[4] In his response to the Respondent's motion to dismiss, Petitioner attempts to raise an additional claim as to the conditions of confinement in the Special Housing Unit [ECF No. 12]. Respondent's reply to that new claim is addressed below.

In his memorandum in support of his petition, Petitioner claims: (1) that the testimony of Officer Gordon was insufficient to convict him of using the mails to attempt to introduce contraband to the institution [ECF No. 1-1 at 1 – 3]; and (2) that the incident report was improperly revised to charge him with attempting to secure a cellular phone, rather than attempting to introduce contraband to the institution [Id. at 4].

Respondent filed a motion to dismiss or for summary judgment, with a memorandum and exhibits in support thereof, on May 19, 2021. ECF Nos. 9, 9-1 through 9-6. Respondent argues that:

> (1) Petitioner's due process rights were not violated during his disciplinary proceedings because:
>
> (a) reviewing officials properly "directed staff to amend the DHO report to provide Petitioner with a more adequate description of information to support the charge;
> (b) the incident report was delivered to Petitioner more than 24 hours prior to his DHO; and
> (c) Petitioner was fully informed of his rights and stated he understood those rights and submitted no documentary or testimonial evidence to refute the charges [ECF No. 9-1 at 7 – 11]; and
>
> (2) the DHO's findings were based on sufficient evidence [Id. at 11 – 12].

Respondent further argued that Petitioner's admission of "I'm guilty, no further comment," made at the DHO hearing constituted sufficient evidence of guilt. Id. at 12.

Respondent provided a number of exhibits in support of his motion to dismiss or for summary judgment, including:

(1)   Declaration of DHO Darrell Huff which provided a chronology of events related to incident report 3382579 [ECF No. 9-2];

(2)   Public information inmate data for Petitioner's criminal conviction in the

5

        Western District of Pennsylvania, case number 14-CR-270 [ECF No. 9-3];

(3)    The DHO Report for incident number 3382579, dated April 30, 2020, and signed by D. Huff; incident report dated April 11, 2020; Late Incident Report Memorandum by B. Hart, SIS Technician, dated April 11, 2020; Memorandum for SIS by T. Gordon, dated April 10, 2020; Request for Extension of Time to Hold Unit Discipline Committee (UDC) hearing; Inmate Rights at Discipline Hearing form, executed on April 15, 2020; Notice of Discipline Hearing before the DHO form dated April 15, 2020; and Waiver of Appearance form dated April 12, 2020 [ECF No. 9-4];

(4)    Inmate Discipline Program statement number 5270.09, dated July 8, 2011 [ECF No. 9-5]; and

(5)    Complex Supplement for Federal Correctional Complex-Hazelton, dated March 3, 2020 [ECF No. 9-6].

Following the issuance of two Orders and Roseboro notices [ECF Nos. 10, 14], Petitioner filed two documents in response to the motion to dismiss on June 3, 2021, and October 25, 2021. ECF Nos. 11, 16. In the first of those, Petitioner claims that he made his admission of guilt in order to avoid a lengthy stay in the Special Housing Unit (SHU), which Petitioner claims is inhumane, and "a place that inmates will avoid at all cost." ECF No. 11 at 2, 4. Petitioner further asserted that the SHU is "used as a tool to [persuade] inmates to admit to conduct, even [when] they may not have [ ] broke[n] a rule." Id. at 3.

Respondent filed a reply to the first response on June 7, 2021, wherein Respondent asserts that Petitioner's new claims concerning the conditions in the SHU "have no relation to Petitioner's original claim regarding the [ ] incident report and

6

subsequent discipline hearing." ECF No. 12 at 1. Further, Respondent asserts that it is well settled law that a petitioner may not raise a new claim in his opposition to a dispositive motion. Id.

In his second response, Petitioner asserts that inmates are not permitted to seal their mail, that outgoing letters are not inspected in the presence of inmates, inmates have no control over their mail once it is given to staff, and that inmates routinely admit to innocent conduct in exchange for early release from the SHU. ECF No. 16 at 1. Respondent has not filed a reply to the second response.

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a

defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.    Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method to challenge a due process violation as part of a prison disciplinary proceeding. Burgess v. Dunbar, 628 Fed. Appx. 175 (4th Cir. 2015).

### D.    Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a

9

complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden

of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities

Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV. ANALYSIS

It appears to the Court that when substantively considered, Petitioner's claim is without merit. Petitioner contends that his due process rights were violated during the prison disciplinary process, including the DHO proceedings held on April 22, 2020. ECF No. 1 at 1, 5.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;

4. if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate

>>comprehension of the case, permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a sufficiently competent inmate designated by staff; and

>5. providing impartial factfinders.

Id. at 564-566, 570-571.

In the present case, the Court finds that Petitioner was provided all the due process required for a disciplinary proceeding for several reasons.  First, Petitioner received notice of the incident report on April 11, 2020, more than ten days before the DHO hearing on April 22, 2020.  ECF Nos. 9-2 at 3; 9-4 at 4.  Second, the DHO Report includes several paragraphs which explain the specific evidence presented and relied upon to support the findings, including: (1) the incident report and investigation; (2) two digital photographs; (3) a memorandum by B. Hart, SIS Technician, dated April 11, 2020; (4) a memorandum by T. Gordon, Senior Officer, dated April 10, 2020; and (5) Petitioner's own statement. ECF No. 9-2 at 4; 9-4 at 2.  Third, Petitioner was offered the opportunity to call witnesses, which he waived before making a statement in his own defense, and the statement of Petitioner himself in which he admitted guilt.  ECF No. 9-2 at 3 – 4, 5; 9-4 at 1.  Fourth, Petitioner is not illiterate, nor did the complexity of the issue make it unlikely that Petitioner could collect and present the evidence necessary for an adequate comprehension of the case; thus Petitioner did not require the aid of a fellow prisoner or staff.  Nevertheless, Petitioner was offered, but declined staff aid at the hearing before the DHO.  ECF No. 9-4 at 1.  Finally, the DHO was an impartial factfinder, D. Huff, who was not the staff member who authored the Incident Report.  Id. at 3.

The results of a prison disciplinary proceeding will be upheld so long as there is "some evidentiary basis" to support the decision.  Superintendent v. Hill, 472 U.S. 445,

455. (1985) ("due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Id. at 457). Determining whether there is some evidentiary basis to support a decision:

> Does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached . . . .

Id. at 455 - 56.

In this case, the Disciplinary Hearing Officer found Petitioner guilty of possession, manufacture, or introduction of hazardous tool, in violation of Prohibited Acts Code § 108A. ECF No. 9-4 at 1 – 3. The reasons listed by the DHO for his finding included the statement of the reporting staff member in the Incident Report and Petitioner's own admission. ECF No. 9-4 at 2.

This Court finds that the evidentiary requirement standard enunciated in Superintendent v. Hill, supra, was met. Therefore, the undersigned finds that the Disciplinary Hearing Officer's decision is supported by some evidence and that the Petition as a whole should be denied.

## V.    RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED.** It is further **RECOMMENDED** that Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment [ECF No. 9] be **GRANTED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written**

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** November 10, 2021

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE