IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ANTHONY PRYOR,**

       Petitioner,

v.                                         CIVIL ACTION NO.: 3:21-CV-52
                                                      (GROH)

**PAUL ADAMS, Warden,**

       Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on November 10, 2021. ECF No. 17. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Petitioner's Petition with prejudice. The Petitioner timely filed his objections to the R&R on November 29, 2021. ECF No. 19. Accordingly, this matter is now ripe for adjudication.

### I. BACKGROUND

On October 26, 2020, Anthony Pryor ("Petitioner"), filed a Petition pursuant to 28 U.S.C. § 2241 listing one ground for relief. ECF No. 1. Therein, the Petitioner asserts that the Bureau of Prisons found him "connected to" a "purported substance" without any evidence that he attempted to introduce contraband into the institution. Id. at 5. The Petitioner argues that his due process rights were violated during the prison disciplinary

process.  Upon reviewing the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims.  Further, the Petitioner did not object to these portions of the R&R.  For ease of review, the Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984).  Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection."  LR PL P 12(b).  The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation."  LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary."  Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When

only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's

3

R&R. The Petitioner's objections reiterate similar arguments already presented throughout this litigation. Petitioner avers that the R&R erred by failing to discuss Kisor v. Wilkie, 139 S. Ct. 2400 (2019), but the Court has reviewed Kisor and finds it of no moment here.[1] Further, the Petitioner's objections fail to address the substance of the R&R's legal analysis, choosing instead to criticize its length. The Petitioner also uses this filing as an opportunity to air general grievances about prison life.

Magistrate Judge Trumble adequately addressed the Petitioner's relevant arguments for relief in his R&R, and Petitioner simply reiterates the same arguments already presented to the Magistrate Judge. Without new citations or an argument that the Magistrate Judge misapplied the law cited, there is nothing material for this Court to consider. To the extent the Petitioner argues Magistrate Judge Trumble failed to adhere to Kisor, his objection is **OVERRULED**.

Therefore, the Court finds that *de novo* review is not required because the Petitioner's objections offer no new legal arguments, and the Petitioner's factual presentation was properly considered by the Magistrate Judge in his R&R. See Taylor, 32 F. Supp. 3d 253, 260-61.

### IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 17] should be, and

---

[1] The Petitioner in Kisor was a United States Marine Corps veteran who sought review of his previously denied service-connected compensation benefits. The issue presented in Kisor involved the Department of Veterans Affairs's decision on what the term "relevant" means pursuant to 38 C.F.R. § 3.156(c)(1). IN adjudicating the case, the Court was presented with the question of whether Auer v. Robbins, 519 U.S. 452 (1997) and Bowles v. Seminole Rock & Sand Co., 325 U.S. 410 (1945) should be overruled, and the Court held that neither case should be overruled. The nuances of administrative law and standards of agency deference is irrelevant to the Petitioner's § 2241 petition.

is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  Thus, the Respondent's Motion to Dismiss, or in the alternative, for Summary Judgment [ECF No. 9] is **GRANTED** and Petitioner's Petition is **DISMISSED WITH PREJUDICE**.  ECF No. 1. This case is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** February 25, 2022

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE